J-S04025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT DERWIN SCOTT | : | |
| | : | |
| Appellant | : | No. 139 EDA 2015 |

Appeal from the Order Entered December 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011581-2014

BEFORE:   SHOGAN, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 19, 2019**

Robert Derwin Scott appeals from the order entered December 29, 2014, in the Court of Common Pleas of Philadelphia County, denying his motion to dismiss charges based on a violation of the compulsory joinder rule.[1] This matter returns to our Court on remand from the Pennsylvania Supreme Court, vacating our prior decision of December 28, 2017, and ordering this Court to proceed in accordance with the Supreme Court's decision in ***Commonwealth v. Perfetto***, ___ A.3d ____, 2019 WL 1866653 (Pa. Apr.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Scott was charged with violating 75 Pa.C.S. §§ 1501(a) (Driving without a License), 1543(a) (Driving while Operating Privilege Suspended or Revoked), 1543(b)(1.1)(iii) (Third Offense BAC .02 or Higher), 3802(a)(1) (DUI General Impairment), 3802(c) (DUI Highest Rate), and 3809(a) (Driving with an Open Container of Alcohol).

26, 2019).[2] In light of the directive from our Supreme Court, we vacate the trial court's order denying Scott relief, and remand the matter to the trial court for entry of an order dismissing all outstanding charges in this matter.

The underlying facts of Scott's case are easily related.

> On or about August 21, 2014, [Scott] was arrested by members of the Philadelphia Police and subsequently charged with DUI and related offenses, including driving with a suspended license in violation of 75 Pa.C.S. [§] 1501([a]). In addition to charging [Scott] with DUI and driving with a suspended license, the arresting officers issued [Scott] a traffic ticket for operating his vehicle without a license. On October 23, 2014, the Philadelphia Municipal Court–Traffic Division held a trial on the traffic citation and [Scott] was found guilty in absentia.

Trial Court Opinion, 3/29/2016 at 1-2.

After being found guilty *in absentia*, Scott filed a motion to dismiss all other charges filed against him. Scott argued a second trial would violate 18 Pa.C.S. § 110 requiring compulsory joinder of all charges arising from the same criminal episode, as well as violating both the Federal and Pennsylvania Constitutional bans on double jeopardy. Both the trial court and a majority of an *en banc* panel of our Court disagreed with Scott's argument. However, our Supreme Court in a divided decision, **Commonwealth v. Perfetto**, **supra**, agreed that when the Philadelphia Municipal Court–Traffic Division adjudicates a traffic citation that was included in pending charges for non-summary Motor

_____

[2] **Perfetto** addresses procedural/statutory issues that arose in Philadelphia upon the Philadelphia Municipal Court – Traffic Division adjudicating traffic citations after serious problems came to light regarding the operation of the constitutionally designated Philadelphia Traffic Court. Philadelphia Traffic Court was eliminated by constitutional amendment effective April 26, 2016.

Vehicle Code violations, 18 Pa.C.S. § 110 prevents trial of the remaining charges.

Here, Scott was tried and found guilty, *in absentia*, of the traffic citation of driving without a license, 75 Pa.C.S. § 1501(a). All other charges, including the most serious charge of DUI, were intended to be tried at a later date before a Municipal Court judge. Pursuant to **Perfetto**, those charges must now be dismissed upon application of 18 Pa.C.S. § 110, mandating all charges arising from a single criminal episode be tried together.[3] Accordingly, we now vacate the trial court's order of December 29, 2014, and remand this matter to the trial court for entry of an order dismissing the remaining charges against Scott. The remaining charges are: 75 Pa.C.S. 1543(a), 75 Pa.C.S. § 1543(b)(1.1)(iii), 75 Pa.C.S. § 3802(a), 75 Pa.C.S. § 3802(c), and 75 Pa.C.S. § 3809(a).

Order vacated. Case remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/19

---

[3] Because the **Perfetto** decision rests on the interpretation of Section 110, and we are directed to apply **Perfetto** by our Supreme Court, we need not conduct a separate double jeopardy analysis.